UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-23015-CIV-ALTONAGA

**FRANCISCO BARNETT**,

    Plaintiff,

v.

**PRETRIAL DETENTION CENTER**, *et al.*,

    Defendants.

_____/

### ORDER

**THIS CAUSE** comes before the Court upon a review of Plaintiff, Francisco Barnett's Complaint for Violation of Civil Rights [ECF No. 1], entered on the docket on August 10, 2023. Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 3]. Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. section 1915(e) are applicable. Under the statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (alterations added). Upon initial screening, the Court concludes that the Complaint suffers from multiple deficiencies and is due to be dismissed.

### I. BACKGROUND

Plaintiff, a state pretrial detainee at the Miami-Dade County Pretrial Detention Center, alleges that he was assaulted by 18 corrections officers, Defendant I. Williams and 17 other

unnamed officers (the "Officers"), in retaliation for exercising his free speech, on April 25, 2023 between 3:30 p.m. and 4:30 p.m. on the Eighth Floor of the Detention Center. (*See* Compl. 4–6).[1]

While returning from the recreation yard, Plaintiff said "[h]ey [c]utie to corrections officer Barnwell[.]" (*Id.* 4 (alterations added)). According to Plaintiff, his remark caused the Officers to assault him to the point of punching and kicking Plaintiff while he was handcuffed on the floor and knocking Plaintiff "unconcious [sic][.]" (*Id*. 4–6 (alteration added)). Plaintiff was kicked three times, including "in [his] face" by Defendant I. Williams. (*Id.* (alteration added)).

Plaintiff alleges that he had to go to the emergency room at "Jackson Hospital" because his "[t]eeth was [sic] kicked through [his] [b]ottom lip[,]" and he "had to get two teeth removed" at the dentist, where he was told that there was an infection. (*See id.* 6 (alterations added)). Plaintiff requests that all the Officers involved be "fired" and for $50,000 to compensate him for his "[b]roken nose" and "mest [sic] up [] sexy smile." (*Id.* 6 (alterations added)).

Plaintiff attempted to utilize the prison grievance procedure following the alleged assault. (*See id.* 7–8). He states he "was given a contorl [sic] number saying they are investigating this issue," and that the grievance process is ongoing. (*Id*. 8). He states he no longer has a copy of the grievance he filed, because it was "taken away by other officers[.]" (*Id.* 9 (alteration added)). Plaintiff now brings this section 1983 action against the "Pretrail [sic] Detition [sic] Center[,]"[2] Corrections Officers "I. Williams" and "Barnwell," and two unnamed "Black Team Corrections Officer[s.]" (*Id*. 1–3 (alterations added)).

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[2] The Court assumes Plaintiff intended to include the "Pretrial Detention Center" as a Defendant, because it is included in the caption (*id.* 1), even though it is omitted from the list of Defendants (*see id.* 2–3).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Additionally, Federal Rule of Civil Procedure 10(b) requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added; quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (alterations added; quoting *Iqbal*, 556 U.S. at 678).

Admittedly, courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citation omitted). Still, a *pro se* party must abide by Federal Rule of Civil Procedure 8(a)(2)'s requirement of a "short and plain statement of the claim" showing the pleader is entitled to relief. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting Fed. R. Civ. P. 8(a)(2)).

Shotgun pleadings are not allowed — even from *pro se* plaintiffs. There are four types of shotgun pleadings that violate Federal Rules of Civil Procedure 8(a), 10(b), or both:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not

>obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (alteration added; footnote call numbers omitted). The "unifying characteristic" of shotgun pleadings is they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323 (alteration added; footnote call number omitted).

### III.  DISCUSSION

The Complaint is a shotgun pleading that fails to comply with Federal Rules of Civil Procedure 8(a)(2) and 10(b), includes several improperly named Defendants, and was prematurely filed before the required exhaustion of administrative remedies.

**A.  Shotgun Pleading**

The Complaint falls under the third category of shotgun pleadings because it fails to separate into a different count each cause of action or claim for relief. As discussed, Plaintiff alleges that he was assaulted by multiple corrections officers. (*See generally* Compl.). But Plaintiff's claims are not stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). It is altogether unclear what legal claim or claims are being alleged against each Defendant. Additionally, it is impossible to determine for what acts each Defendant is responsible. In other words, the Complaint is a shotgun pleading because it "fail[s] . . . to give the [D]efendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323 (alterations added; footnote call number omitted).

### B. Improperly Named Defendants

The Complaint also lists several ineligible parties as Defendants. First, it appears that Plaintiff seeks to sue Defendant, Pretrial Detention Center. (*See* Compl. 1). To the extent Plaintiff seeks to sue the Pretrial Detention Center, his claim is precluded because under Florida law, "sheriff's offices lack the legal capacity to be sued." *Wilk v. St. Lucie Cnty. Fla. Sheriff Off.*, 740 F. App'x 658, 662 (11th Cir. 2018) (citation omitted); *see also Dumond v. Miami Dade Dep't of Corr. & Rehab.*, No. 21-cv-22917, 2021 WL 4241287, at *2 (S.D. Fla. Aug. 19, 2021) ("Therefore, because jails are treated as an extension of the sheriff departments that run them, Metro West, as a jail, lacks the capacity to be sued.").

Second, Plaintiff lists "Black Team Corrections Officer" as Defendants numbers three and four. (Compl. 3). *Pro se* litigants are required to conform their pleadings to procedural rules, even if those pleadings must be construed liberally. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Relevant here, Federal Rule of Civil Procedure 10(a) requires that a pleading "name all the parties[.]" Fed. R. Civ. P. 10(a) (alteration added).

Generally, "fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted). Nevertheless, a plaintiff may sue a fictitious party where he "adequately describe[s] the person to be sued so that the person [can] be identified for service." *Dean v. Barber*, 951 F.2d 1210, 1215 n.6 (11th Cir. 1992) (alterations added). This exception is limited; "the plaintiff's description of the defendant [must be] so specific that the party may be identified for service even though his actual name is unknown." *Nguyen v. Graham*, No. 5:22-cv-00379, 2023 WL 1880127, at *5 (M.D. Ga. Feb. 10, 2023) (alteration added; citing *Richardson*, 598 F.3d at 738). For example, in "a case in which the governor of a state had been sued[,] a pleading . . . specifying only the 'Governor of Alabama' as a defendant

5

would . . . satisfy [Federal Rule of Civil Procedure] 10(a) even if the plaintiff did not use the governor's given name." *Dean*, 951 F.2d at 1215 n.6 (alterations added). In contrast, John Doe corrections officers were properly dismissed where a complaint failed to describe "some of" the corrections officers; "gave general descriptions of others, such as by indicating the duty stations to which they were assigned[;]" and "nothing in the record suggest[ed] those officers' identities and [plaintiff] did not timely request any discovery that would have allowed him to learn their names and serve process on them." *Moulds v. Bullard*, 345 F. App'x 387, 390 (11th Cir. 2009) (alterations added).

Plaintiff does not satisfy Rule 10(a) with respect to the fictious Defendants. The description of "Black Team Officer" is insufficient to identify these Defendants from among the many officers employed at the Pretrial Detention Center in April 2023. *See Richardson*, 598 F.3d at 738 (concluding that identification of a defendant as "John Doe (Unknown Legal Name), Guard, Charlotte Correctional Institute" was insufficient to identify the defendant among the many guards employed at that facility). The Complaint contains no specific allegations that might otherwise help identify these Defendants and enable them to be served. (*See generally* Compl.). At bottom, identifying unnamed Defendants simply as prison personnel, with nothing further, is insufficient. *See Richardson*, 598 F.3d at 738.

### C. Exhaustion

Any section 1983 claim Plaintiff might allege faces another obstacle. The Prison Litigation Reform Act of 1995 ("PLRA") requires a prisoner suing "under section 1983" to exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). Section 1997e(a) requires "strict exhaustion no matter the forms of relief sought and offered through administrative avenues." *Williams v. Barrow*, 559 F. App'x 979, 985 (11th Cir. 2014) (quoting *Johnson v. Meadows*, 418

6

F.3d 1152, 1155 (11th Cir. 2005); quotation marks omitted). "A district court must dismiss the suit when it finds that the plaintiff-inmate has not exhausted his administrative remedies." *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004) (citation omitted).

As discussed, Plaintiff admits that the Pretrial Detention Center's grievance process is ongoing. (*See* Compl. 8). In other words, Plaintiff has not exhausted his available administrative remedies. *See* 28 U.S.C. § 1997e(a). Accordingly, the Complaint is premature and thus due to be dismissed.

### D. Insufficiency of Application

Finally, Plaintiff's Application is legally insufficient. "A prisoner who seeks to proceed [*in forma pauperis*] must comply with the requirements of 28 U.S.C. [section] 1915(a)." *Bourassa v. Dozier*, 832 F. App'x 595, 597 (11th Cir. 2020) (alterations added). Under section 1915(a), a plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint[.]" 28 U.S.C. § 1915(a)(2) (alteration added). Plaintiff has failed to do so.

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Complaint **[ECF No. 1]** is **DISMISSED without prejudice**, and his Application **[ECF No. 3]** is **DENIED**. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 11th day of August, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: Plaintiff, *pro se*